**IN THE COURT OF APPEALS OF IOWA**

No. 15-1535
Filed February 24, 2016

**IN THE INTEREST OF Z.S., C.V., AND C.V.,**
**Minor Children,**

**R.W., Mother,**
**Appellant.**

_____

Appeal from the Iowa District Court for Woodbury County, Julie A. Schumacher, District Associate Judge.

The mother appeals the district court's termination of her parental rights to her children, Z.S., C.V., and C.V. **AFFIRMED.**

Zachary Hindman of Bikakis, Mayne, Arneson, Hindman & Hisey, Sioux City, for appellant mother.

Thomas J. Miller, Attorney General, and Kathrine S. Miller-Todd, Assistant Attorney General, for appellee State.

Stephanie Parry, Sioux City, attorney and guardian ad litem for minor children.

Considered by Danilson, C.J., and Vogel and Potterfield, JJ.

**VOGEL, Judge.**

The mother appeals the district court's termination of her parental rights to her children, Z.S., C.V.-1, and C.V.-2, arguing the State failed to prove by clear and convincing evidence the grounds to terminate her rights pursuant to Iowa Code section 232.116(1)(d) and (f) (2013), and asserting termination is not in the children's best interests. We conclude the court properly terminated the mother's rights under paragraph (f), as the children cannot be returned to her custody due to her inability to keep them safe from abuse. Additionally, it is in the children's best interests the mother's rights be terminated, given the extensive trauma the children have experienced with resulting mental health needs. Consequently, we affirm the order of the district court terminating the mother's parental rights.[1]

Z.S., born 2008; C.V.-1, born 2003; and C.V.-2, born 2002, came to the attention of the Iowa Department of Human Services (DHS) in December 2012, due to reports of sexual abuse. The children's older brother, who is not part of this case, was adjudicated delinquent following his admission that he abused his siblings. He then revealed he had been sexually abused by Z.S.'s legal father for two years, as well as being exposed to sexually explicit movies by the mother.

The children were adjudicated in need of assistance (CINA) on January 24, 2013, and a safety plan was put in place so the children could remain in the mother's care. However, the mother continued to expose the children to harm. She allowed the children to be around the older brother unsupervised and exposed them to other sexual predators. The children all demonstrated behaviors strongly indicating abuse, and Z.S. reported additional sexual and

---

[1] The rights of three named fathers were also terminated, but none appeal.

physical abuse to her therapist. Due to the mother's inability to comply with the safety plan, the children were removed from her care following a hearing on February 28, 2014. They were subsequently placed in foster care. With intense services offered to and received by the mother, but little progress noted, the State petitioned to terminate the mother's parental rights to the children. After hearing all the testimony and receiving evidence, the court on September 7, 2015, terminated the mother's rights. The mother appeals.

We review termination proceedings de novo. *In re S.R.*, 600 N.W.2d 63, 64 (Iowa Ct. App. 1999). The grounds for termination must be proved by clear and convincing evidence. *Id.* Our primary concern is the child's best interest. *Id.* When the juvenile court terminates parental rights on more than one statutory ground, we only need to find grounds to terminate under one of the sections cited by the juvenile court to affirm. *Id.*

To terminate parental rights pursuant to Iowa Code section 232.116(1)(f), the State must establish the child is four years of age or older, has been adjudicated CINA, has been removed from the home for the last twelve months, and there is clear and convincing evidence the child cannot presently be returned to the mother's care without suffering adjudicatory harm. Iowa Code § 232.116(1)(f)(1)–(4).

In November 2014, at the permanency hearing, the mother was given an additional six months to work towards reunification. In spite of the additional time, those monitoring the mother testified at the termination hearing they saw little to no progress. As the children's therapist opined in March 2015, the children "need solid structure, discipline, and supervision to keep them safe and

to keep others safe from them.  They are all at moderate to high risk of being exploited by others."  The record is replete with examples of the mother's greatest deficiency—her inability to keep the children safe from being sexually abused even after a full complement of services was offered to her.  Though the mother made some improvements prior to the termination hearing, her failure to understand her children's trauma and continued vulnerabilities, such that she could protect them from even more sexual abuse, is notable.  In determining the future actions of the parent, her past conduct is instructive.  *In re J.E.*, 723 N.W.2d 793, 798 (Iowa 2006).  The mother has only demonstrated slight, if any, improvement regarding her ability to protect the children, and her past actions indicate they would not be safe in her care.  Therefore, upon our de novo review, we agree with the district court the State proved by clear and convincing evidence the children cannot be returned to the mother's care without suffering harm.  *See* Iowa Code § 232.116(1)(f)(4).

Furthermore, it is in the children's best interests the mother's rights be terminated.  The mother never seemed to grasp the severity of the abuse the children had suffered, nor did she acknowledge the danger of the people to which she exposed them.  *See In re C.C.*, 538 N.W.2d 664, 667 (Iowa Ct. App. 1995) (finding mother's inability to protect her children from abuse warranted termination).

It is also encouraging that just months after the children were removed from the mother's care they were all making progress in curtailing negative behavior, as well as beginning the arduous and painful process of moving past the abuse that plagued them while in the mother's care.  Given this evidence, it is

clear the children should remain out of the mother's care, and it is in their best interests her rights be terminated. *See* Iowa Code § 232.116(2); *S.R.*, 600 N.W.2d at 64 (noting the consideration of the children's best interests is paramount). We therefore affirm the district court's termination of the mother's parental rights.

**AFFIRMED.**